# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 19, 2010

No. 09-40549
Summary Calendar

Lyle W. Cayce
Clerk

In the Matter of:  REICHMANN PETROLEUM CORP.

Debtor

------------------------------

BILL WALTHERS; DANNY JACKSON; DR. STEVE DANCHOK; ERIC
KIERSH; LEO "CHIP" HANLY; PHIL KEESLING; STEVE SPALDING;
GARTH STRANGER; MORFAR INVESTMENTS LLC; HUMPHREYS
FAMILY TRUST; LAGUNA MADRE OIL & GAS II LLC; ANDERSON
LIVING TRUST; PALOMA VENTURES, INC.

Appellants

v.

HERMAT OILFIELD SERVICES, INC.; W.L. FLOWERS MACHINE &
WELDING COMPANY, INC.; FESCO, LTD.; ALICE SOUTHERN
EQUIPMENT SERVICE, INC.; PROTECHNICS DIVISION OF CORE
LABORATORIES, INC.; BJ SERVICES COMPANY USA; RATHOLE
DRILLING INC.;  BRUINGTON ENGINEERING INC.; BECK BROTHERS,
INC.; DOUBLE RAFTER H. CONSTRUCTION COMPANY, LLC; PETRON
INDUSTRIES, INC.; AINSWORTH TRUCKING, LP; KEY ENERGY
SERVICES, INC.; BASIC ENERGY SERVICES, INC.; VP SALES &
COMPANY

Appellees

_____

In the Matter of:  REICHMANN PETROLEUM CORPORATION

No. 09-40549

Debtor

------------------------------

BILL WALTHERS; DANNY JACKSON; DR. STEVE DANCHOK;
ERIC KIERSH; LEO "CHIP" HANLY; PHIL KEESLING

Appellants

v.

HERMAT OILFIELD SERVICES, INC.; W.L. FLOWERS MACHINE
& WELDING COMPANY, INC.; FESCO, LTD.; ALICE SOUTHERN
EQUIPMENT SERVICE, INC.; PROTECHNICS DIVISION OF CORE
LABORATORIES, INC.; B.J. SERVICES COMPANY, USA

Appellees

_____

In the Matter of: REICHMANN PETROLEUM CORP.

Debtor

------------------------------

ERIC KIERSH; PHIL KEESLING; BILL WALTHERS; STEVE SPALDING;
LEO "CHIP" HANLY; DANNY JACKSON; GARTH STRANGER; DR. STEVE
DANCHOK

Appellants

v.

HERMAT OILFIELD SERVICES; W.L. FLOWERS MACHINE
& WELDING COMPANY., INC.; FESCO, LTD; ALICE SOUTHERN
EQUIPMENT SERVICE, INC.; PROTECHNICS DIVISION OF
CORE LABORATORIES, INC.; BJ SERVICES COMPANY USA

Appellees

No. 09-40549

_____

In the Matter of:  REICHMANN PETROLEUM CORP.

Debtor

-----------------------------

BILL WALTHERS; DANNY JACKSON; DR. STEVE DANCHOK; ERIC KIERSH; LEO "CHIP" HANLY; PHIL KEESLING

Appellants

v.

BJ SERVICES COMPANY USA

Appellee

_____

In the Matter of:  REICHMANN PETROLEUM CORP.

Debtor
-----------------------------

RICHMAN OIL CORP.; MORFAR INVESTMENTS, LLC

Appellants

v.

HERMAT OILFIELD SERVICES INC.; W.L. FLOWERS MACHINE & WELDING COMPANY, INC.; FESCO LTD; ALICE SOUTHERN EQUIPMENT SERVICE INC.; BJ SERVICES COMPANY USA; RATHOLE DRILLING INC.

Appellees

_____

3

No.  09-40549

In the Matter of:   REICHMANN PETROLEUM CORP.

            Debtor

----------------------------

ERIC KEIRSH; PHIL KEESLING;  BILL WALTHERS, STEVE
SPALDING; LEO "CHIP" HANLY; DANNY JACKSON;
GARTH STRANGER; DR. STEVE DANCHOK; RICHMAN
OIL CORPORATION; MORFAR INVESTMENTS, LLC

            Appellants

v.

W.L. FLOWERS MACHINE & WELDING COMPANY., INC.; FESCO LTD.;
ALICE SOUTHERN EQUIPMENT SERVICE; B J SERVICES COMPANY
USA; RATHOLE DRILLING, INC.

            Appellees

_____

In the Matter of:  REICHMANN PETROLEUM  CORP.

            Debtor

----------------------------

ERIC KIERSH; PHIL KEESLING; BILL WALTHERS; LEO "CHIP" HANLY;
DANNY JACKSON; HUMPHREYS FAMILY TRUST; MORFAR
INVESTMENTS, LLC; LAGUNA MADRE OIL & GAS II LLC.; ANDERSON
LIVING TRUST; PALOMA VENTURES, INC.

            Appellants

v.

PROTECHNICS DIVISION OF CORE LABORATORIES, INC.;
BJ SERVICES COMPANY USA; BRUINGTONENGINEERING INC.;
BECK BROTHERS, INC.; DOUBLE RAFTER H. CONSTRUCTION

4

No. 09-40549

COMPANY, LLC.; PETRON INDUSTRIES INC.; AINSWORTH TRUCKING LP; RATHOLE DRILLING INC.

        Appellees

_____

In the Matter of:  REICHMANN PETROLEUM CORP.

        Debtor

----------------------------

MORFAR INVESTMENTS LLC; CHIP HANLY; PHIL KEESLING; ERIC KIERSH; DANNY JACKSON; LAGUNA MADRE OIL & GAS II LLC; PALOMA VENTURES INC.; WILLIAM WALTHERS; HUMPHREYS FAMILY TRUST; THE ANDERSON LIVING TRUST

        Appellants

v.

BJ SERVICES COMPANY USA; BRUINGTON ENGINEERING LTD; BECK BROTHERS INC.; DOUBLE RAFTER H. CONSTRUCTION; PETRON INDUSTRIES, INC.; AINSWORTH TRUCKING LP; RATHOLE DRILLING INC.; PROTECHINCS DIVISION OF CORE LABORATORIES

        Appellees

_____

In the Matter of:  REICHMANN PETROLEUM CORP.

        Debtor

----------------------------

MORFAR INVESTMENTS LLC; ERIC KIERSH; LAGUNA MADRE OIL & GAS II LLC.; WILLIAM WALTHERS; ANDERSON LIVING TRUST; CHIP HANLY; DANNY JACKSON; PALOMA VENTURES, INC.

No. 09-40549

PHIL KEESLING; HUMPHREYS FAMILY TRUST

        Appellants

v.

BRUINGTON ENGINEERING LTD; PETRON INDUSTRIES INC.

        Appellees

_____

In the Matter of:  REICHMANN PETROLEUM CORP.

        Debtor

MORFAR INVESTMENT, LLC; ERIC KIERSH; LAGUNA MADRE OIL
& GAS II LLC; WILLIAM WALTHERS; ANDERSON LIVING TRUST;
CHIP HANLY; DANNY JACKSON; PALOMA VENTURES INC.;
PHIL KEESLING; HUMPHREYS FAMILY TRUST

        Appellants

v.

PETRON INDUSTRIES INC.

        Appellee

_____

In the Matter of:  REICHMANN PETROLEUM CORP.

        Debtor

----------------------------

MORFAR INVESTMENTS LLC; CHIP HANLY; PHIL KEESLING;
ERIC KIERSH; DANNY JACKSON; LAGUNA MADRE OIL & GAS
II, LLC.; PALOMA VENTURES INC.; WILLIAM WALTHERS;

No.  09-40549

HUMPHREYS FAMILY TRUST; ANDERSON LIVING TRUST

      Appellants

v.

KEY ENERGY SERVICES INC.; BASIC ENERGY SERVICES, INC.;
BECK BROTHERS INC.; PETRON INDUSTRIES INC.; ALICE SOUTHERN
EQUIPMENT SERVICE INC.; W.L. FLOWERS MACHINE & WELDING
COMPANY,  INC.; FESCO, LTD; V.P. SALES & COMPANY

      Appellees

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CV-96

---

Before BENAVIDES, PRADO, AND SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appellants appeal the district court's decision on the sufficiency of Appellees' affidavits under Chapter 56 of the Texas Property Code.  For the reasons set forth below, we affirm the order of the district court.

Background

Reichmann Petroleum Corp. (Reichmann), an operator of oil and gas properties throughout Texas, filed Chapter 11 bankruptcy in December 2006. A portion of Reichmann's creditors claimed mineral liens for goods, drilling services, and operation of wells on various mineral leases.  They filed affidavits containing descriptions of the property interests involved to support their claims. Under the settlement plan, the bankruptcy court held four hearings on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

objections to the lien claims, including objections on the sufficiency of the descriptions contained in the affidavits provided in support of the liens. The affidavits at issue referenced and included survey maps or plats obtained from the Texas Railroad Commission showing the location of the serviced wells and complete or partially complete descriptions of the leases for which the goods or services had been provided. The district court upheld the bankruptcy court's determination on which mineral lien claims did or did not contain adequate property descriptions. The court rejected Appellant's alternative argument that, at most, these parties had only a lien on the mapped portions of the lease.

Standard of Review

The lower court's rulings involve a question of law and statutory interpretation which we review de novo. *In re Lambert*, 179 F.3d 281, 284 (5th Cir. 1999).

Sufficiency of Property Description in Mineral Lien Affidavits

The district court correctly held that the mineral lien affidavits contained a sufficient property description to establish a lien on the entire leasehold at issue. Chapter 56 of the Texas Property Code requires the lien claimant to file an affidavit that includes, among other information, "a description of the land, leasehold interest, pipeline, or pipeline right-of-way involved." Appellants contend that cases such as *Long Trusts v. Griffin*, 222 S.W.3d 412 (Tex. 2006) which involved almost 200 leases and property interests, are controlling on the issue of the sufficiency of the affidavit's property description. However, the cases cited by the Appellants, including *Griffin*, are statute of fraud cases that involve a conveyance of property which impose a higher standard than other liens under Texas law. *See id.* at 416 (determining that the contracts at issue involving almost 200 leases were subject to the statute of frauds that required property identification with the exactness established under Texas law); *see also Morrow v. Shotwell*, 477 S.W.2d 538, 539 (Tex. 1972). We note that a mechanic's lien,

whose standard is less than that required by a conveyance under the statute of fraud, requires a "legally sufficient" description. *See* TEX. PROP. CODE ANN. § 53.054(a)(6) (Vernon 2007). But, the description needed to obtain a mineral's lien is even less by omitting the "legally sufficient" language and by requiring only a description of the property involved with the mineral lien. *See* TEX. PROP. CODE ANN. § 56.022(a)(4) (Vernon 2007).

Here, the affidavits filed satisfied the requirements of Section 56.022 because the attached plats provide an adequate description of the property involved which would enable a party familiar with the locality to identify with reasonable certainty the premises intended. *See Blanco, Inc. v. Porras*, 897 F.2d 788, 791 (5th Cir. 1990); *Trevor Rees-Jones, Trustee for Atkins Petroleum Corp. v. Trevor Rees-Jones, Trustee for Apache Servs., Inc.*, 799 S.W.2d 463, 467 (Tex. App.–El Paso 1990, writ denied). The lower court correctly held that affidavits which attached either a plat or a plat and a Texas Railroad Commission Form W-1 provided an adequate description under the statute.

Mineral Liens Include the Entire Lease under Section 56.003

Appellants claim that the lien does not attach to the entire lease. We disagree. In *Mercantile Nat. Bank at Dallas v. McCullough Tool Co.*, 259 S.W.2d 724, 729 (Tex. 1953), the Texas Supreme Court gave a materialman a lien on an entire lease for work done on just one well under what is now Sections 56.001 and 56.003. Similarly, a Texas Court of Appeals interpreted what is currently Chapter 56 to hold that the statutory language allows a lien to exist upon an entire leasehold interest upon which materials were delivered to or used. *Dunigan Tool & Supply Co. v. Burris*, 427 S.W.2d 341, 344 (Tex. Civ. App.–Eastland 1968, writ ref'd n.r.e.).

No. 09-40549

In the instant case, Appellees provided goods and services in the drilling, completion, and operation of the wells. Their affidavits, while not sufficient under the statute of frauds standard, does meet the standard required by Section 56.022(a)(4). The mineral liens are applicable to the entire lease as provided by Section 56.003(a)(2) because the information provided helped to identify the nucleus of information that would identify relevant leases even without a complete lease attached. *See Blanco*, 897 F.2d at 791. Such identification is sufficient.

Accordingly, the judgment of the district court is AFFIRMED.