

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00200-CV

DANNY GRISWOLD AND RHONDA GRISWOLD

APPELLANTS

V.

EOG RESOURCES, INC.

APPELLEE

----------

## FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY
## TRIAL COURT NO. 2013-0412M-CV

----------

## OPINION

----------

## I. INTRODUCTION

This is a summary judgment appeal. Appellants Danny and Rhonda Griswold leased their mineral interest in 31.25 acres of land in Montague County to Appellee EOG Resources, Inc. Subsequently, the Griswolds sued EOG asserting claims for breach of contract and conversion. The Griswolds claimed that EOG had produced and sold minerals pursuant to the lease but had made

royalty payments to the Griswolds for only fifty percent of the Griswold's mineral interest.  EOG filed a traditional motion for summary judgment asserting that the Griswolds claims failed as a matter of law because the Griswolds in fact owned only 50% of the mineral estate in the 31.25 acres subject to the lease.  The Griswolds filed a competing traditional motion for summary judgment asserting that they were entitled to judgment as a matter of law because they owned 100% of the mineral estate in the 31.25 acreage subject to the lease.  The trial court granted EOG's motion for summary judgment, denied the Griswolds' motion for summary judgment, and signed a final judgment that the Griswolds take nothing.  The Griswolds raise two issues—one challenging the trial court's summary judgment for EOG and one challenging the denial of their motion for summary judgment.  We will affirm.

## II. STANDARD OF REVIEW

We review a traditional summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  To obtain summary judgment, the movant must establish that there are no issues of material fact and that it is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *Nixon v. Mr. Prop. Mgmt.*, 690 S.W.2d 546, 548 (Tex.1985). "An appellate court reviewing a summary judgment must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion." *Goodyear Tire & Rubber Co. v.*

2

*Mayes*, 236 S.W.3d 754, 756 (Tex. 2007). When reviewing a summary judgment, "[w]e must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented." *Id.* at 755. When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both sides' summary judgment evidence, determine all questions presented, and render the judgment that the trial court should have rendered. *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

### III. THE SUMMARY JUDGMENT EVIDENCE

The Griswolds and EOG agree that the facts here are undisputed. Both rely on the same summary-judgment evidence: the deeds evidencing the pertinent conveyances of the 31.25 acres of land owned by the Griswolds. The summary-judgment evidence shows that the 31.25 acres owned by the Griswolds was previously part of a 74-acre tract. By deed dated February 17, 1926, R. Allred and his wife conveyed the 74-acre tract to J.H. Barker, and the Allreds reserved a 1/2 interest in the mineral estate. Subsequently, Rex Calaway obtained a foreclosure judgment against J.H. Barker and R. Allred. Barker's and Allred's surface and mineral interests in the 74 acres were seized, and, following a public sale, the land was conveyed to Calaway by Constable's Deed dated April 5, 1938. On May 10, 1938, Calaway and his wife conveyed the full fee

3

interest in the 74-acre tract to R.E. Stewart. Dorothy Williams and Kathryn Wellington eventually succeeded to Stewart's interest in the land.

In 1993, Williams and Wellington conveyed the 31.25-acre tract at issue to James and Diana Caswell (the Caswell Deed). The Caswell Deed[1] contained the following provisions:

> LESS, SAVE AND EXCEPT an undivided 1/2 of all oil, gas and other minerals found in, under[,] and that may be produced from the above described tract of land heretofore reserved by predecessors in title;
>
> SUBJECT TO THE FOLLOWING:
>
> Oil, Gas and Mineral Lease in favor of Harry E. Whitsitt by Instrument recorded in Vol. 783, page 499, Deed Records, Montague County, Texas;
>
> Right of Way in favor of The State of Texas by instrument Recorded in Vol. 556, page 446, Deed Records, Montague County, Texas;
>
> That .97 acre along the SW line of Tract II lying under fence but outside the original deed line as shown on plat dated June 17, 1993, by Patrick L. Walters, Registered Public Surveyor.

The Caswells then conveyed the 31.25-acre tract to the Griswolds (the Griswold Deed). The Griswold Deed contains the exact same "LESS, SAVE AND EXCEPT" and "SUBJECT TO THE FOLLOWING" clauses as contained in the Caswell Deed, which is set forth above.

The proper construction of the save-and-except clause formed the basis of both the Griswolds' and EOG's motions for summary judgment. And the proper

---

[1]The Caswell Deed also conveyed a 27.35-acre tract from Williams and Wellington to the Caswells.

4

construction of this save-and-except provision is the sole issue presented in this appeal.

## IV. THE LAW CONCERNING DEED CONSTRUCTION

There is no contention that the deed at issue is ambiguous.[2] The construction of an unambiguous deed is a question of law for the court. *Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991). A court's primary goal when construing a deed is to ascertain the true intention of the parties as expressed within the "four corners" of the instrument. *See id.* The four-corners rule requires the court to ascertain the intent of the parties solely from all of the language in the deed. *Concord Oil Co. v. Pennzoil Exploration & Prod. Co.*, 966 S.W.2d 451, 457 (Tex. 1998); *Bennett v. Tarrant Cnty. Water Control & Improvement Dist. No. One*, 894 S.W.2d 441, 446 (Tex. App.—Fort Worth 1995, writ denied). The four-corners rule is a "fundamental rule of construction." *Bennett*, 894 S.W.2d at 446; *see Garrett v. Dils Co.*, 157 Tex. 92, 94–95, 299 S.W.2d 904, 906 (1957). The intent that governs, however, is not the intent that the parties meant but failed to express, but the intent that is expressed. *Prairie Producing Co. v. Schlachter*,

---

[2]Extrinsic evidence of intent is admissible only if the deed is ambiguous on its face. *See Friendswood Dev. Co. v. McDade & Co.*, 926 S.W.2d 280, 283 (Tex. 1996). A mere disagreement about the proper interpretation of a deed, however, does not make the deed ambiguous; the instrument is ambiguous only if, after application of the rules of construction, the deed is reasonably susceptible to more than one meaning. *Brown v. Havard*, 593 S.W.2d 939, 942 (Tex. 1980). Here, after application of the rules of construction, the Griswold Deed is not reasonably susceptible to more than one meaning.

5

786 S.W.2d 409, 412 (Tex. App.—Texarkana 1990, writ denied); *Canter v. Lindsey*, 575 S.W.2d 331, 334 (Tex. Civ. App.—El Paso 1978, writ ref'd n.r.e.).

A warranty deed will pass all of the estate owned by the grantor at the time of the conveyance unless there are reservations or exceptions that reduce the estate conveyed. *See Cockrell v. Tex. Gulf Sulphur Co.*, 157 Tex. 10, 299 S.W.2d 672, 676 (1956). Property "excepted" or "reserved" under a deed is never included in the grant and is something to be deducted from the thing granted, narrowing and limiting what would otherwise pass by the general words of the grant. *King v. First Nat'l Bank of Wichita Falls*, 144 Tex. 583, 192 S.W.2d 260, 262 (1946). Reservations must be made by clear language, and courts do not favor reservations by implication. *Monroe v. Scott*, 707 S.W.2d 132, 133 (Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.). Exceptions must identify, with reasonable certainty, the property to be excepted from the larger conveyance. *Angell v. Bailey*, 225 S.W.3d 834, 840 (Tex. App.—El Paso 2007, no pet.). And, it is a rule of construction of deeds that they are to be most strongly construed against the grantor and in favor of the grantee; this rule applies to reservations and exceptions. *See Commerce Trust Co. v. Lyon*, 284 S.W.2d 920, 921 (Tex. Civ. App.—Fort Worth 1955, no writ).

## V. THE APPLICATION OF THE LAW TO THE PRESENT FACTS

### A. The Griswolds' Position

The Griswolds argue that the save-and-except clause attempts to except an interest "heretofore reserved by predecessors in title" when, in fact, the only interest previously reserved by a predecessor in title (Allred) was extinguished in 1938 when the entire estate—both mineral and surface—merged together in the conveyance to Calaway via the Constable's Deed. The Griswolds contend that Williams and Wellington, and subsequently the Caswells, excepted from their conveyances something that did not exist so that "'excepting' a reservation that was no longer in existence was simply a nullity." The Griswolds argue that, unlike a reservation clause, a save-and-except clause cannot create a mineral interest when one does not exist.

### B. EOG's Position

EOG argues that (1) the save-and-except clause clearly expressed an intent to save and except "1/2 of all oil, gas[,] and other minerals found in, under[,] and that may be produced from the above described tract of land" and (2) the fact that the reason stated in the deed for the exception—"heretofore reserved by predecessors in title"—was erroneous, false, or mistaken does not nullify the entire save-and-except clause or defeat the expressed intent to save and except a 1/2 mineral interest from the estate conveyed.

7

## C. Analysis

The Griswolds are correct in the general distinction drawn between reservations and exceptions; exceptions and reservations "are not strictly synonymous." *Pich v. Lankford*, 157 Tex. 335, 343, 302 S.W.2d 645, 650 (1957). An exception generally does not pass title itself; instead, it operates to prevent the excepted interest from passing at all. *Patrick v. Barrett*, 734 S.W.2d 646, 647 (Tex. 1987). On the other hand, a reservation is made in favor of the grantor, wherein he reserves unto himself a royalty interest, mineral rights, or other rights. *Id.* But a save-and-except clause may have the same legal effect as a reservation when the excepted interest remains with the grantor. *See Pich*, 157 Tex. at 342, 302 S.W.2d at 650 (explaining that the language quoted from the deed did not reserve the interest in the minerals; "it only excepted it from the grant. However, since the interest did not pass to the grantee and was not outstanding in another the legal effect of the language excepting it from the grant was to leave it in the grantor"); *see also Patrick*, 734 S.W.2d at 648 n.1, (noting that an exception "operates to the benefit of the grantor only to the extent that ownership in the excepted interest is vested in the grantor and is not outstanding in another person"). Thus, while as the Griswolds contend, a save-and-except clause will not operate to pass title, it may be effective to fail to pass title, that is, to exempt a portion of the grantor's estate from passing to the grantee, leaving title with the grantor if the interest excepted is not outstanding in another. *See Pich*, 157 Tex. at 342, 302 S.W.2d at 650; *Patrick*, 734 S.W.2d at 648 n.1; *see*

8

*also Union Oil Co. of Calif. v. Colglazier*, 360 So.2d 965, 968–69 (Ala. 1978) (applying the holdings in *Pich* to facts similar to those here).

The Texas Supreme Court's decision in *Pich* controls the disposition of this appeal. The facts in *Pich* are almost identical to the facts here. The two successive deeds at issue in *Pich* contained the following save-and-except clauses. The first deed, following a description of the land to be conveyed, contained the following save-and-except clause: "Save and Except an undivided three-fourths of the oil, gas and other minerals in, on[,] and under said land, which have been heretofore reserved." *Pich*, 157 Tex. at 337, 302 S.W.2d at 646. The next deed in the chain of title, following the description of the land to be conveyed, contained the following save-and-except clause: "Save and Except an undivided three-fourths of the oil, gas[,] and other minerals in and under the Southwest Quarter thereof, and an undivided one-fourth of the minerals in and under the remainder of said survey, which minerals do not belong to the grantors herein." *Id.*, 302 S.W.2d at 646. In *Pich*, no evidence other than prior deeds in the chain of title was offered at trial. *Id.* at 338, 302 S.W.2d at 647. The Texas Supreme Court held that both of these save-and-except clauses "except an undivided three-fourths (3/4) interest in the minerals in place in plain and unambiguous language[,]" and rejected arguments that despite the express language excepting a three-fourths interest, the exception was limited to

9

excepting only interests previously reserved.[3]  *Id.* at 340, 302 S.W.2d at 648. The supreme court explained that the following phrases at the end of the deeds' save-and-except clauses—"which have been heretofore reserved" and "do not belong to grantors herein"—were but recitals purporting to state why the exceptions were made.  *Id.*, 302 S.W.2d at 648.  The chain of title conclusively negated these recitals; a three-fourths interest had not been previously reserved, and a mineral interest did belong to the grantors.  *Id.*, 302 S.W.2d at 648. Nonetheless, the supreme court held that "[t]he giving of a false reason for an exception from a grant does not operate to alter or cut down the interest or estate excepted, nor does it operate to pass the excepted interest or estate to the grantee."  *Id.*, 302 S.W.2d at 648.  Consequently, although the save-and-except clauses at issue in *Pich* did not reserve an interest in the minerals but merely excepted that interest from the grant, and because the interest did not pass to the grantee and was not outstanding in another, the supreme court held that the legal effect of the save-and-except clauses was to leave the excepted interest in the grantor.  *Id.* at 342, 302 S.W.2d at 650.

The save-and-except clause at issue here expressed the parties' intent to except "1/2 of all oil, gas[,] and other minerals found in, under[,] and that may be produced from the above described tract of land heretofore reserved by

---

[3]The supreme court also distinguished cases in which the deed being construed reserved and excepted from the grant an estate in land identical with one existing in another by a prior reservation.  *Id.* at 342, 302 S.W.2d at 650.

predecessors in title" from the estate conveyed by the deed. The summary-judgment evidence consisted only of pertinent prior deeds in the chain of title. The chain of title conclusively established that when Williams and Wellington executed the Caswell Deed, they owned 100% of the mineral interest in the 31.25-acre tract. The Griswolds, like the respondents in *Pich*, argue that because the phrase at the end of the save-and-except clause—"heretofore reserved by predecessors in title"—is false and is conclusively negated by the chain of title, the entire save-and-except clause is a nullity.[4]

Applying the binding precedent set forth in *Pich*, we hold that the save-and-except clause in the Caswell Deed and in the Griswold Deed excepted a 1/2 interest in the oil, gas, and other minerals in plain and unambiguous language. The phrase at the end of the save-and-except clause—"heretofore reserved by predecessors in title"—was but a recital purporting to state why the exception was made. Although the chain of title conclusively negated the recited reason for the exception, "[t]he giving of a false reason for an exception from a grant does

---

[4]The Griswolds cite several cases in support of their position; the cases are not controlling here either because they construe a save-and-except clause excepting from the grant an estate in land identical with one existing in another by a prior reservation or because they construe a "subject-to" clause instead of a save-and-except clause. *See Pich*, 157 Tex. at 342, 302 S.W.2d at 650 (determining the former types of cases were not controlling when a grantor fails to convey part of the estate he owns through an exception); *Farm & Ranch Investors, Ltd. v. Titan Operating, L.L.C.*, 369 S.W.3d 679, 683 (Tex. App.—Fort Worth 2012, pet. denied) (explaining that a subject-to clause is construed to be a limitation on the grantor's warranty rather than a reservation or exception of an interest).

11

not operate to alter or cut down the interest or estate excepted, nor does it operate to pass the excepted interest or estate to the grantee." *See id.* at 340, 302 S.W.2d at 648. Consequently, although the save-and-except clauses in the Caswell Deed and the Griswold Deed did not reserve an interest in the minerals but merely excepted a 1/2 mineral interest from the grant to the Caswells and, subsequently, the grant to the Griswolds, and because the excepted interest did not pass to the Caswells or to the Griswolds as grantees and was not outstanding in another at the time the Caswell Deed was executed, the legal effect of the save-and-except clause at issue was to leave the excepted 1/2 interest in the oil, gas, and other mineral interests in Williams and Wellington. *See id.* at 342, 302 S.W.2d at 650.

We overrule the Griswold's first issue asserting that the trial court erred by granting summary judgment for EOG.

## VI. CONCLUSION

Having overruled the Griswold's first issue and having held that the trial court properly granted summary judgment for EOG, we need not reach the Griswold's second issue asserting that the trial court erred by failing to grant summary judgment for them. *See* Tex. R. App. P. 47.1 (providing that appellate court must address every issue necessary for final disposition of the appeal). We affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

12

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DELIVERED:  March 5, 2015