

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-14-00167-CV

---

DAVID V. GOSS, APPELLANT

V.

ADDAX MINERALS FUND, LP AND AG ROYALTIES, LLC, APPELLEES

---

On Appeal from the 97th District Court
Montague County, Texas
Trial Court No. 2013-0135 M-CV, Honorable Jack A. McGaughey, Presiding

---

April 21, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant David V. Goss brought suit against appellees Addax Minerals Fund, LP and AG Royalties, LLC (collectively "Addax") to establish his title to the mineral estate in land in Montague County. Addax answered, asserted affirmative defenses and brought a counterclaim. On Addax's motion for summary judgment, the trial court rendered judgment that Goss take nothing by his suit and that Addax owns the minerals. Goss appeals. We will affirm.

Background

In October 1994 W.L. Bell and his wife Alma Bell signed an earnest money contract for the sale of acreage they owned to Kestrel Properties, Inc. Among other things, the contract provided the Bells would retain no mineral rights and Kestrel was "to receive 100% of minerals, royalties and timber interest." At the time, Goss was president and sole shareholder of Kestrel. He was present when the contract was signed. Kestrel then employed Montague County Abstract and Title Company, Inc. to prepare a warranty deed conveying the property to Kestrel. The Bells signed the deed in December 1994 and it was recorded that month. It is undisputed that Goss saw a copy of the deed during 1994.

The Bells' deed[1] to Kestrel contained the following paragraph:

**RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY:** Reservations, restrictions and easements of record, and current year ad valorem taxes. LESS, SAVE AND EXCEPT HEREFROM ALL OIL, GAS AND OTHER MINERALS, IN, UNDER AND PRODUCED FROM THE ABOVE DESCRIBED PROPERTY.

The deed's granting and warranty language read as follows:

**GRANTOR**, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, **GRANTS, SELLS, AND CONVEYS** to Grantee the property, together with all and singular the rights and appurtenances thereto in anywise belonging, to have and to hold it to Grantee, and to Grantee's heirs, executors, administrators, successors, and assigns, forever. Grantor hereby binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's

---

[1] The format of the warranty deed generally follows the form contained in the 1986 version of the Texas Real Estate Forms Manual published by the State Bar of Texas. *See* Real Estate Forms Comm., State Bar of Tex., *Texas Real Estate Forms Manual,* Warranty Deed, at 302-c, 302-7 (1986).

heirs, executors, administrators, successors, and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to warranty.[2]

The Bells died and their estates passed to their grandson Nicholas Bell. In November 2005 Carolyn Guilliams, president of the title company, signed an affidavit stating her "scrivener's error in preparing the deed . . . erroneously reserved the mineral estate unto [Mr. and Mrs. Bell]." The affidavit was recorded on November 30, 2005. It is undisputed Goss knew Guilliams was preparing an affidavit relating to the property and had read the Bell-Kestrel deed before the affidavit was recorded. It also is undisputed that in 2005 and 2006 Goss communicated with the title company concerning ownership of the minerals. Kestrel dissolved in March 2006 and Goss received its assets.

By an oil and gas lease signed by Goss as its president, Kestrel leased the disputed mineral interest to an oil company in February 2006, and Goss individually signed a lease with another oil company in May 2010. Nicholas Bell signed a lease of the minerals in March 2012, and in December 2012 he conveyed any interest he owned in the minerals to Addax by a "mineral deed."

Alleging Nicholas Bell's lease and subsequent mineral deed were a cloud on his title to the minerals, Goss filed suit to quiet title in April 2013. In the suit he alleged the Bells' 1994 deed unambiguously conveyed the minerals to Kestrel and asserted the "reservation from conveyance and warranty" language merely removed the mineral interest from the deed's general warranty. In a paragraph seeking reformation, he

---

[2] Bolding and capitalization in original.

3

asserted a cause of action accrued with the signing or recording of Nicholas Bell's 2012 mineral lease. The discovery rule also was alleged. Addax filed a counterclaim seeking clarification of title to the minerals in its favor. After some discovery, Addax filed a traditional motion for summary judgment. Among its grounds, Addax asserted Goss's suit was barred by limitations.

The trial court signed a judgment decreeing that Goss take nothing by his suit, and declaring Addax's ownership of the disputed mineral interest. The judgment did not state a basis for the court's findings.

Analysis

Finality of the Judgment and Adequacy of Summary Judgment Motion

By his second issue, Goss points out he filed a supplemental petition alleging a claim of adverse possession and seeking declaratory relief after Addax filed its summary judgment motion, and asserts the judgment may not be final. Because the issue implicates our jurisdiction, we address it first.

A judgment issued following a summary proceeding enjoys no presumption of finality and is final for appellate purposes only if it actually disposes of all claims and parties then before the court, regardless of its language, or with unmistakable clarity it states its finality as to all claims and all parties. *Southern Mgmt. Servs. v. SM Energy Co.,* 398 S.W.3d 350, 358 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 192-93 (Tex. 2001)). The trial court's judgment orders that Goss take nothing by his suit, declares the rights of Addax to the disputed mineral estate, and concludes with the statement, "This judgment finally

4

disposes of all parties and claims and is appealable." We find the judgment is final for purposes of appeal. *Ritzell v. Espeche,* 87 S.W.3d 536, 538 (Tex. 2002) (per curiam); *Lehmann,* 39 S.W.3d at 206 ("an order that expressly disposes of the entire case is not interlocutory merely because the record fails to show an adequate motion or other legal basis for the disposition").

By his third issue, Goss also argues Addax's summary judgment motion is facially defective because, he contends, it fails to comply with Texas Rule of Civil Procedure 166a in several respects. He contends it fails to state the specific grounds for summary judgment, does not properly constitute a no-evidence motion stating the elements of Goss's claims for which Addax claims there was no evidence, and fails to state whether it is a no-evidence or traditional motion. We are not directed to, nor do we find, in the summary judgment record any indication that Goss brought these complaints to the trial court as special exceptions and obtained a ruling. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 342 (Tex. 1993) ("An exception is required should a non-movant wish to complain on appeal that the grounds relied on by the movant were unclear or ambiguous"). Accordingly, issue three presents nothing for our review. TEX. R. APP. P. 33.1(a); *McConnell,* 858 S.W.2d at 343 n.7 (preservation of the error for appeal requires the excepting party obtain a ruling at or prior to the summary judgment hearing). Because the judgment is final and appealable and Goss's objections to Addax's motion were not preserved, we overrule issues two and three.

Summary Judgment for Addax

We turn to Goss's issues addressing Addax's entitlement to summary judgment it owns the disputed mineral estate.

An appellate court reviews a trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005). The movant for summary judgment has the burden of showing there is no genuine issue of material fact and it is entitled to summary judgment as a matter of law. TEX. R. CIV. P. 166a(c). Reviewing a summary judgment, we take evidence favorable to the nonmovant as true, and indulge every inference and resolve every doubt in the nonmovant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548-49 (Tex. 1985).

Addax contends the deed unambiguously reserved the mineral estate to the Bells. Goss argues the deed, as a matter of law, contains no reservation of the mineral estate. Alternatively, Goss contends the deed is ambiguous.

Our primary objective in construing a deed is to determine the intent of the parties from the four corners of the deed. *Luckel v. White,* 819 S.W.2d 459, 461 (Tex. 1991). "[W]e must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." *J.M. Davidson, Inc. v. Webster,* 128 S.W.3d 223, 229 (Tex. 2003). No single provision taken alone will be given controlling effect; rather, all the deed provisions must be considered with reference to the whole instrument. *See Seagull Energy E & P, Inc. v. Eland Energy, Inc.,* 207 S.W.3d 342, 345 (Tex. 2006) (quoting *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983)). The controlling intent is not what

the parties meant but failed to express but the intent expressed in the deed. *Griswold v. EOG Res., Inc.,* 459 S.W.3d 713, 717 (Tex. App.—Fort Worth 2015, no pet.).

Whether a deed is ambiguous is a question of law the court determines. *Webster,* 128 S.W.3d at 229; *Coker,* 650 S.W.2d at 394. Determining ambiguity may require consideration of rules of contract interpretation. *See, e.g., Brown v. Havard,* 593 S.W.2d 939, 942 (Tex. 1980) (relying on general contract interpretation precedents to analyze whether a deed was ambiguous). Language is not ambiguous merely because it lacks clarity. *DeWitt County Elec. Co-op., Inc. v. Parks,* 1 S.W.3d 96, 100 (Tex. 1999); *Universal C.I.T. Credit Corp. v. Daniel,* 150 Tex. 513, 243 S.W.2d 154, 157 (1951). Nor is an instrument ambiguous merely because the parties disagree on its meaning. *Seagull Energy,* 207 S.W.3d at 345; *DeWitt County,* 1 S.W.3d at 100. Rather, a deed is ambiguous only if application of established rules of construction leaves the instrument susceptible to more than one meaning. *Havard,* 593 S.W.2d at 942; *DeWitt County,* 1 S.W.3d at 100. And the two meanings must each be reasonable. *Lopez v. Munoz, Hockema & Reed,* 22 S.W.3d 857, 861 (Tex. 2000) ("Ambiguity does not arise simply because the parties advance conflicting interpretations of the contract; rather, for an ambiguity to exist, both interpretations must be reasonable"); *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.,* 940 S.W.2d 587, 589 (Tex. 1996). Said differently, a deed is not ambiguous if it can be given a definite or certain legal meaning. *Coker,* 650 S.W.2d at 393. A warranty deed will pass the entire estate owned by the grantor at the time of the conveyance unless reservations or exceptions reduce the estate conveyed. *Griswold,* 459 S.W.3d at 717 (citing *Cockrell v. Tex. Gulf Sulphur Co.,* 157 Tex. 10, 299 S.W.2d 672, 676 (1956)).

The foundation of Goss's position on appeal is the assertion the "less, save and except herefrom all oil, gas and other minerals . . ." language appearing in the deed under the heading "reservations from and exceptions to conveyance and warranty," coupled with the "subject to" language in the deed's granting clause, is a limitation on the Bells' warranty of title and not a reservation of the minerals to the Bells. Goss's argument emphasizes the distinction the law draws between reservations and exceptions.

Courts recognize that reservations and exceptions "are not strictly synonymous." *See, e.g., Griswold*, 459 S.W.3d at 718 (quoting *Pich v. Lankford,* 157 Tex. 335, 302 S.W.2d 645, 650 (1957)). The chief distinction between a reservation and an exception is that a reservation always operates for the benefit of the grantor. *Bright v. Johnson,* 302 S.W.3d 483, 488 (Tex. App.—Eastland 2009, no pet.) (citing *Patrick v. Barrett,* 734 S.W.2d 646, 647 (Tex. 1987) and *Pich,* 302 S.W.2d at 648-50). "An exception generally does not pass title itself; instead, it operates to prevent the excepted interest from passing at all." *Griswold,* 459 S.W.3d at 717; *accord*, *Bright,* 302 S.W.3d at 488. But, as the Fort Worth court reiterated in its recent opinion in *Griswold*, even though not effective to pass title, a save-and-except clause may exempt a portion of the grantor's estate from passing title to the grantee, leaving title with the grantor provided the interest excepted is not outstanding in another. *Griswold,* 459 S.W.3d at 718 (citing *Pich,* 302 S.W.2d at 650; *Patrick,* 734 S.W.2d at 648 n.1). No one suggests that any interest in the minerals underlying the land the Bells conveyed to Kestrel was outstanding in a third party. For that reason, absent an ambiguity, the trial court was correct to find the deed left title to the minerals in the Bells, regardless whether the

8

"less, save and except herefrom all oil, gas and other minerals" language is considered a reservation or an exception.

In support of his alternative contention the deed contains an ambiguity, Goss again asserts the position the "subject to" language in the deed's granting clause is intended only to limit the warranty of title. Addax argues Goss's position disregards the plain language of the granting clause, which states the grant is made "for the consideration and subject to the reservations from and exceptions to conveyance and warranty." We agree with Addax. *See J.M. Davidson, Inc., 128 S.W.3d at 229; Glover v. National Ins. Underwriters,* 545 S.W.2d 755, 761 (Tex. 1977) (noting the plain language of an instrument will be given effect when the parties' intent may be discerned from that language).

Moreover, Goss's ambiguity argument leaves us to assume the Bells intended to convey the mineral estate to Kestrel but, for reasons unexplained, excluded it from the warranty of title. We find Goss's alternative reading of the deed to be unreasonable and thus conclude no ambiguity is shown. *See Hausser v. Cuellar,* 345 S.W.3d 462, 467 (Tex. App.—San Antonio 2011, pet. denied) (deed is ambiguous if both interpretations are reasonable). The deed unambiguously left the mineral estate in the Bells. The trial court did not err in so declaring.

Take-Nothing Summary Judgment Against Goss

The trial court did not state a reason for rendering a take-nothing judgment against Goss on his claims. When the trial court does not state the ground on which it relied for rendering summary judgment, we may affirm the summary judgment on any

meritorious ground asserted in the movant's motion for summary judgment. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). As noted, one of the grounds Addax asserted was its affirmative defense of statute of limitations.

A claim for reformation of a deed is subject to a four-year limitations period. *Cosgrove v. Cade,* 468 S.W.3d 32, 37 (Tex. 2015) (citing *Havard,* 593 S.W.2d at 943). Limitations will not bar an action to quiet title if a deed is void[3] or has expired by its own terms. *Ford v. Exxon Mobil Chem. Co.,* 235 S.W.3d 615, 618 (Tex. 2007). "But the same rule does not apply when a deed is voidable rather than void." *Id.* If a deed is merely voidable, the four-year statute of limitations will apply to the suit. *Id.* No one here argues the Bell deed is void or somehow has expired.

In his petition Goss alleged the discovery rule. Under this doctrine accrual of a cause of action is deferred until the injured party learned of, or in the exercise of reasonable diligence should have learned of, the injury-causing act. *Cosgrove,* 468 S.W.3d at 37. But availability of the discovery rule is limited to those instances where "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *Id.* (citing *Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 918 S.W.2d 453, 456 (Tex. 1996)). The focus in discovery rule cases is not on causes of action but on categorical types of injury. *Id.* (citing *Via Net v. TIG Ins. Co.,* 211 S.W.3d 310, 314 (Tex. 2006)).

---

[3] It is said that a deed is void if, for example, the grantee entity does not exist, *Parham Family L.P. v. Morgan,* 434 S.W.3d 774, 787-788 (Tex. App.—Houston [14th Dist.] 2014, no pet.), the deed is forged, *Dyson Descendant Corp. v. Sonat Exploration Co.,* 861 S.W.2d 942, 947 (Tex. App.—Houston [1st Dist.] 1993, no writ), or the deed lacks a description of the land involved, *Brown v. Moss,* 265 S.W.2d 613, 617 (Tex. Civ. App.—Fort Worth 1954, writ ref'd n.r.e.).

We have found the deed here unambiguous and believe the retention of minerals by the grantors is plain on its face. As both parties have emphasized in asserting their respective positions, the deed contains only one express reference to the mineral estate, and that appears under the heading "reservations from and exceptions to conveyance and warranty." Thus the discovery rule has no application. *See Cosgrove,* 468 S.W.3d at 37 ("A plainly evident omission on an unambiguous deed's face is not a type of injury for which the discovery rule is available"); *id.* at 34 (Texas Property Code section 13.002 provides all persons have notice of contents of properly recorded instrument); *see Aston Meadows, Ltd. v. Devon Energy Prod. Co., L.P.*, 359 S.W.3d 856, 859 (Tex. App.—Fort Worth 2012, pet. denied) (bona fide purchaser claim; recorded instruments in grantee's chain of title "generally establish an irrebuttable presumption of notice) (citing *Ford*, 235 S.W.3d at 617 (fraud claim)).

Even if we are mistaken, however, and the discovery rule applies, Goss's claims are nonetheless barred by limitations. Goss had read the deed before November 30, 2005, and was aware Guilliams was preparing an affidavit concerning the property before her affidavit was filed on November 30, 2005. Guilliams' affidavit, which states she made a scrivener's error in preparing the 1994 deed, also was filed of record on November 30, 2005. Goss "communicated" with the title company of which Guilliams was president in 2005 and 2006 regarding ownership of the minerals. Goss states in his reply brief that the title company assured him the scrivener's error was corrected and "confirmed his title and ownership." Regardless of his subjective belief concerning the effect of the deed, Goss knew or reasonably should have known no later than 2006 of the deed's provisions concerning the minerals. Yet his lawsuit was not filed until April

11

2013.  Goss's claim was barred by the statute of limitations.  The trial court did not err in rendering judgment that he take nothing.

## Conclusion

Having found the trial court correctly rendered summary judgment that Goss take nothing by his lawsuit and rightly found title to the minerals in Addax under its counterclaim, we affirm the judgment.

James T. Campbell
Justice