# IN THE SUPREME COURT OF TEXAS

═════════════

No. 16-0155

═════════════

JAMES H. DAVIS, INDIVIDUALLY AND D/B/A
JD MINERALS, AND JDMI, LLC, PETITIONERS,

v.

MARK MUELLER, RESPONDENT

═══════════════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SIXTH DISTRICT OF TEXAS

═══════════════════════════════════════════════════════

**Argued March 23, 2017**

CHIEF JUSTICE HECHT delivered the opinion of the Court.

JUSTICE BOYD did not participate in the decision.

Texas law has long given effect to a general conveyance of all the grantor's property in a geographic area, such as a county,[1] the state,[2] or even the United States,[3] thereby enlarging an accompanying conveyance of property specifically described.[4] We did not do so in *J. Hiram Moore,*

---

[1] *E.g.*, *Holloway's Unknown Heirs v. Whatley*, 131 S.W.2d 89, 91–92 (Tex. 1939).

[2] *E.g.*, *Smith v. Westall*, 13 S.W. 540, 540 (Tex. 1890).

[3] *E.g.*, *Tex. Consol. Oils v. Bartels*, 270 S.W.2d 708, 710 (Tex. Civ. App.—Eastland 1954, writ ref'd).

[4] *E.g.*, *Holloway's Unknown Heirs*, 131 S.W.2d at 91–92.

*Ltd. v. Greer* because we concluded that the deed was ambiguous.[5] The court of appeals reached the same conclusion in this case, but we think the deed here is clear. Accordingly, we reverse the court of appeals' judgment[6] and render judgment for petitioner.

## I

In 1991, Virginia Cope,[7] a Georgia resident at the time, conveyed to JD Minerals her mineral interests in ten vaguely described tracts in Harrison County, Texas.[8] JD Minerals is James H. Davis's

---

[5] 172 S.W.3d 609, 614 (Tex. 2005).

[6] 485 S.W.3d 622 (Tex. App.—Texarkana 2016).

[7] At the time, Cope's name was Virginia Rose Mitchell. She executed other instruments involved in the case as Virginia Rose Mitchell, Virginia Rose Mills Cope, and Virginia Rose Purvis Cope.

[8] The conveyance listed:

All of those certain tracts or parcels of land out of the following surveys in Harrison County, Texas described as follows:
1) 704.00 acres out of the G. W. PETTY, ET AL, A-582, ET AL, known as the "AMOCO PRODUCING COMPANY - JOHN HARRISON JR 'B'."
2) 671.260 acres out of the JOSEPH E WHITE, ET AL, A-755, ET AL, known as the "AMOCO PRODUCING COMPANY - CHARLOTTE M HYNSON GAS UNIT."
3) 671.260 acres out of the JOSEPH E WHITE, A-755, known as the "AMOCO PRODUCING COMPANY - CHARLOTTE MORRIS HYNSON."
4) 704.00 acres out of the S. T. WATTS, A-739, known as the "PEAK ENERGY CORPORATI0N - WILLIAM H LANE."
5) 644.200 acres out of the J. S. BELL, A-96, known as the "PEAK ENERGY CORPORATION - WILLIAM H LANE."
6) 704.00 acres out of the G. JOHNSON, ET AL, A-359, ET AL, known as the "AMOCO PRODUCING COMPANY - MCELROY-CHEATHAM UNIT."
7) 677.800 acres out of the HENRY VARDEMAN, A-726, known as the "KEY PRODUCTIONS COMPANY - BEN POPE ET AL."
8) 40.000 acres out of the S. SHOTO, ET AL, A-632-722, known as the "PETROLEUM PRODUCING MANAGEMENT - TR #34 BETH GR NO UT."
9) 43.000 acres out of the S. SHOTO, ET AL, A-632, known as the "PETROLEUM PRODUCING MANAGEMENT - TR #40 BETH GR NO UT."
lO) 625.550 acres out of the E. A. MERCHANT, A-430, known as the "EP OPERATING COMPANY - WHITE-DAVID."

business name, and we refer to both of them as "Davis." The conveyance was on a printed form with tiny text. The list of tracts was followed by this sentence:

> Grantor agrees to execute any supplemental instrument requested by Grantee for a more complete or accurate description of said land.

A three-sentence paragraph after the sentence just quoted contained a two-sentence Mother Hubbard clause and a general granting clause:

> The "Lands" subject to this deed also include all strips, gores, roadways, water bottoms and other lands adjacent to or contiguous with the lands specifically described above and owned or claimed by Grantors. If the description above proves incorrect in any respect or does not include these adjacent or contiguous lands, Grantor shall, without additional consideration, execute, acknowledge, and deliver to Grant[ee], its successors and assigns, such instruments as are useful or necessary to correct the description and evidence such correction in the appropriate public records. Grantor hereby conveys to Grantee all of the mineral, royalty, and overriding royalty interest owned by Grantor in Harrison County, whether or not same is herein above correctly described.

About the same time, it so happened that James Hammond Mills, a Florida resident, conveyed his mineral interests in two tracts, also in Harrison County, also to Davis.[9] The conveyance was on an identical form with a similarly vague description of the tracts followed by the same provisions.[10]

In 2011, Cope and Mills, independently, deeded to respondent Mark J. Mueller, a landman who had contacted them, the interests they had conveyed, respectively, to Davis in 1991. After

---

[9] The conveyance listed:

All of those certain tracts or parcels of land out of the following surveys in Harrison County, Texas described as follows:
1) 704.00 acres out of the G. W. PETTY, ET AL, A-582, ET AL, known as the "AMOCO PRODUCING COMPANY - JOHN HARRISON JR 'B'."
2) 704.00 acres out of the G. JOHNSON, ET AL, A-359, ET AL, known as the "AMOCO PRODUCING COMPANY - MCELROY - CHEATHAM UNIT."

[10] Mueller contends that Cope and Mills received the form conveyances unsolicited in the mail.

3

obtaining the deeds from Cope and Mills, Mueller sued Davis to quiet title to the mineral interests (the "title claim").[11] Mueller asserted that the property descriptions and general granting clause in the 1991 deeds were insufficient to satisfy the requirement of the Statute of Frauds[12] that property conveyed be identified with reasonable certainty.[13] Mueller also sued for conversion of the royalties and payments obtained from the mineral interests, adverse possession, fraud,[14] and failure of consideration (the "other claims"). Davis raised various affirmative defenses. Both sides moved for summary judgment on the title issue. Davis did not contend that the property descriptions in the 1991 deed satisfied the Statute of Frauds but argued that the general granting clause was sufficient to pass title of all the grantors' mineral interests in Harrison County. The trial court denied Mueller's motion and granted Davis's without stating the grounds, and rendered a take-nothing judgment against Mueller.

On appeal, Mueller argued that the general granting clause is ambiguous because it purports to convey all the grantor's interests in the county—a large amount of property—although located in the same paragraph as the Mother Hubbard clause, a catch-all for small, overlooked interests. The

---

[11] In 1994, Cope deeded to Charles B. Horne the same mineral interests she had conveyed to Davis. Horne, in turn, deeded them to Mueller, first in 1996, and again in 2011, with a more legible instrument. The property descriptions in these three deeds are as vague as or vaguer than those in Cope's 1991 deed. The property descriptions in the 2011 deeds from Cope and Mills to Mueller are more detailed. Only the two deeds from Horne to Mueller have general granting clauses. Davis does not argue that if he did not obtain title to Cope's and Mills's interests in 1991, neither did Mueller through the later deeds.

[12] TEX. BUS. & COM. CODE § 26.01.

[13] *Long Trusts v. Griffin*, 222 S.W.3d 412, 416 (Tex. 2006) (per curiam).

[14] Mueller sued for common-law fraud as well as for violations of Chapter 12 of the Texas Civil Practice and Remedies Code, which imposes liability for making a fraudulent claim against real property. TEX. CIV. PRAC. & REM. CODE §§ 12.001–.007.

court of appeals agreed, concluding that the parties' intent is a fact issue to be decided by a jury.[15] Although Mueller confined his arguments to his title claim, the court also reversed summary judgment on his other claims of statutory fraud, conversion, and adverse possession.[16]

We granted Davis's petition for review.[17]

## II

While the Statute of Frauds requires only that certain promises or agreements be in writing and signed by the person to be charged,[18] as applied to real-estate conveyances, "the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty."[19] Forty-five years ago, we noted that this "rule by which to test the sufficiency of the description [of property to be conveyed] is so well settled at this point in our judicial history, and by such a long series of decisions by this Court, as almost to compel repetition by rote."[20] Nothing since then has occurred to call the rule into question.

The specific property descriptions in Cope's and Mills's 1991 deeds to Davis do not satisfy the Statute of Frauds, and as we have just said, Davis does not argue to the contrary. But Texas law

---

[15] 485 S.W.3d 622, 631 (Tex. App.—Texarkana 2016).

[16] *Id.* at 632–633.

[17] 60 Tex. Sup. Ct. J. 430 (Feb. 17, 2017).

[18] TEX. BUS. & COM. CODE § 26.01.

[19] *Morrow v. Shotwell*, 477 S.W.2d 538, 539 (Tex. 1972).

[20] *Id.*

has also long regarded general granting clauses as valid and effective, a proposition Mueller does not dispute.[21] We could not give effect to a general granting clause in *J. Hiram Moore, Ltd. v. Greer* because it was ambiguous.[22] Mueller argues, and the court of appeals agreed, that the same is true here. But *Moore* was different.

Mary Greer and her three sisters partitioned an 80-acre tract in the Railroad Survey in Wharton County into four 20-acre tracts.[23] Each received the surface estate and minerals in one tract and a non-participating royalty interest in each of the other three tracts.[24] Two of the tracts, not Greer's, were pooled with an adjacent tract in the Barnard Survey to form the SixS Frels unit.[25] Greer then deeded the mineral royalties produced from "[a]ll of that tract of land out of the [Barnard Survey]" known as the SixS Frels unit.[26] Greer owned no unit royalty interest in any tract in the Barnard Survey.[27] So the specific description conveyed nothing. But "[i]n addition", the deed continued, "it is the intent of this instrument to convey . . . all of [Greer's] royalty and overriding royalty interest in [Wharton County]".[28] This general grant would have included the interests she did

---

[21] *E.g.*, *Holloway's Unknown Heirs v. Whatley*, 131 S.W.2d 89, 91–92 (Tex. 1939); *Smith v. Westall*, 13 S.W. 540, 540 (Tex. 1890); *Witt v. Harlan*, 2 S.W. 41, 41–42 (Tex. 1886).

[22] 172 S.W.3d 609, 614 (Tex. 2005).

[23] *Id.* at 610.

[24] *Id.*

[25] *Id.*

[26] *Id.* at 612.

[27] *Id.*

[28] *Id.*

6

own in the Railroad Survey. Because the deed "in effect states that Greer conveys nothing, and that she conveys everything", we concluded that it was ambiguous and could not be construed as a matter of law.[29]

In *Moore*, the general granting clause created an ambiguity; in the present case, it resolves one. Mueller does not argue that Cope and Mills, like Greer, did not own the mineral interests they attempted to convey by their 1991 deeds. Rather, he argues that the deficiencies of the specific descriptions cannot be cured by the general granting clause. But that is precisely the purpose of the general grant when included with specific grants.

Mueller argues that the 1991 deeds are ambiguous because the general granting clause is in the same paragraph as the Mother Hubbard clause. A Mother Hubbard clause is not effective to convey a significant property interest not adequately described in the deed.[30] The proximity shows, Mueller contends, that the general grant was only of all small pieces of the specifically described tracts in Harrison County, not of other tracts. But if that were true, the general grant would accomplish nothing; the Mother Hubbard clause itself covers small pieces that may have been overlooked or incorrectly described. The general grant's conveyance of "all of the mineral, royalty, and overriding royalty interest owned by Grantor in Harrison County, whether or not same is herein above correctly described" could not be clearer. All means all.

---

[29] *Id.* at 614.

[30] *See Jones v. Colle*, 727 S.W.2d 262, 263 (Tex. 1987).

Mueller also argues that, as we stated in *Texas Builders v. Keller*, a reference to "an unidentified portion of a larger, identifiable tract is not sufficient" to satisfy the Statute of Frauds.[31] We agree with that proposition, of course, but it has no application here. A conveyance of the north[32] or east[33] part of a tract does not identify specific acreage; neither does a conveyance of a certain number of acres out of a subdivision or survey in which the grantor owns multiple tracts.[34] The rule Mueller cites would apply if Cope and Mills had conveyed part of what they owned in Harrison County, because the parts could not be identified from the deeds. But they conveyed all.

Mueller argues that each grantor's express agreement "to execute any supplemental instrument requested by Grantee for a more complete or accurate description of said land" shows that the parties contemplated that any other tracts would be covered by separate instruments, which would not be necessary if the general grant covered them. But the agreement is consistent with the general grant. It simply provides that if supplemental instruments are required to carry out the specific and general grants, the grantor will supply them.

Finally, Mueller argues that the general grant should not be enforced according to its terms because Davis is a bad actor who has been sued many times for fraud, including by the Texas Attorney General. But none of the other actions Mueller cites are remotely related to this suit. Texas

---

[31] 928 S.W.2d 479, 482 (Tex. 1996); *see also Greer v. Greer*, 191 S.W.2d 848, 850 (Tex. 1946); *Smith v. Sorelle*, 87 S.W.2d 703, 706 (Tex. 1935).

[32] *Morrow v. Shotwell*, 477 S.W.2d 538, 540 (Tex. 1972).

[33] *Matney v. Odom*, 210 S.W.2d 980, 982 (Tex. 1948).

[34] *Greer v. Greer*, 191 S.W.2d at 849 ("70 acres of land, more or less, out of the A.N. McKnight Survey, Patent No. 736, Volume 3, Abstract No. 400"); *Smith*, 87 S.W.2d at 704 ("100 acres out of blocks eight and nine of the subdivision of Jose Maria Pineda survey . . . Pat. 608, Vol. 2"); *Pfeiffer v. Lindsay*, 1 S.W. 264, 265 (Tex. 1886).

Rule of Evidence 404(a) provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."[35] And even if it were, Mueller's evidence of Davis's character is no reason to interpret the general grants in the 1991 deeds other than according to their plain terms.

We conclude that the general grants in the 1991 deeds are valid and unambiguous, conveying title of Cope's and Mills's Harrison County mineral interests to Davis. Because those conveyances preceded the conveyances of the same interests to Mueller, Davis has superior title.

### III

One small matter remains. As we have noted, Mueller asserted other claims besides the title claim. The trial court's summary judgment adjudicated them all in Davis's favor. Although Mueller appealed only on his title claim, not his other claims, the court of appeals addressed them.[36] It affirmed summary judgment on Mueller's claims for common-law fraud and failure of consideration,[37] and Mueller does not complain of those rulings. But the court of appeals remanded Mueller's claims for statutory fraud, conversion, and adverse possession, and Davis complains that

---

[35] TEX. R. EVID. 404(a).

[36] Mueller requested that the court of appeals reverse and render "on the basis that the Mother Hubbard Clause . . . is only meant to convey small strips of adjoining property. . . ." or, "[i]n the alternative . . . on the basis that the conveyances do not comply with the Statute of Frauds", or again in the alternative, "on the basis that there are issues of fact to be decided by the trier of fact." These questions of fact, as Mueller describes them in his brief, do not pertain to his claims of conversion, statutory fraud, or adverse possession. Mueller instead describes these questions as "remain[ing] as to what property was conveyed", "concerning the possession and control of the mineral interests", and "remain[ing] due to the cumulative nature of [Davis's] prior bad acts."

[37] 485 S.W.3d 622, 632–633 (Tex. App.—Texarkana 2016).

in so doing the court improperly granted relief Mueller did not request.[38] In response, Mueller contends that Davis did not raise his complaint in his petition for review and cannot urge it now.[39]

But while Davis did not assert in his petition for review that the court of appeals should not have addressed claims on which Mueller did not appeal, he did assert that those claims have no merit. Davis's petition lists among the issues presented: because Davis's title is superior, "Mueller's allegation of Fraudulent Claim Against Real Property . . . necessarily fails, as does his claim that Davis converted the royalties and payments made on those interests". We agree. Davis cannot have fraudulently claimed, or converted royalties from, property he owns. The petition also states that "Mueller's claim for adverse possession is barred by the statute of limitations." In his brief, Davis notes that Mueller does not contend that he adversely possessed the interests conveyed by the 1991 deeds, but that Cope and Mills did. Cope and Mills are not parties to this action, and Mueller has no standing to prosecute any claim for adverse possession they might have. Without considering whether any such claims would be barred by limitations, we hold that Mueller cannot prosecute them.

Thus, the court of appeals erred in remanding Mueller's other claims for statutory fraud, conversion, and adverse possession.

---

[38] *See Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 916 (Tex. 2015) ("A court of appeals commits reversible error when it sua sponte raises grounds to reverse a summary judgment that were not briefed or argued in the appeal."); *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) ("We have held repeatedly that the courts of appeals may not reverse the judgment of a trial court for a reason not raised in a point of error.").

[39] *See* TEX. R. APP. P. 55.2(f) ("[T]he brief may not raise additional issues or points or change the substance of the issues or points presented in the petition.").

*      *      *      *      *

For these reasons, the court of appeals' judgment is reversed and judgment is rendered that Mueller take nothing.

_____
Nathan L. Hecht
Chief Justice

Opinion delivered: May 26, 2017