

# NUMBER 13-23-00492-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ROBERT S. ALCOTT III, ET AL,**           **Appellants,**

**v.**

**1893 OIL AND GAS, LTD.**
**AND ELP2 MINERALS, LTD.,**           **Appellees.**

---

## ON APPEAL FROM THE 343RD DISTRICT COURT
## OF LIVE OAK COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and Longoria[1]**
**Memorandum Opinion by Chief Justice Tijerina**

Appellants Robert S. Alcott III, et al.[2] appeal a summary judgment in favor of

---

[1] The Honorable Nora Longoria, former Justice of this Court, did not participate in this decision because her term of office expired on December 31, 2024.

[2] The other two appellants are Patricia Brashear and Katie Lynn Stevenson.

appellees 1893 Oil and Gas, Ltd. and ELP2 Minerals, Ltd. By four issues, appellants contend that the trial court should have denied appellees' motion for summary judgment (issues one and two), granted their motion for summary judgment (issue three), and improperly granted special exceptions and objections to appellants' motion for summary judgment (issue four). We affirm.

## I.    STANDARD OF REVIEW

When there are competing motions for traditional summary judgment, each party bears the burden of establishing that there are no issues of material fact and that the party is entitled to judgment as a matter of law. *KMS Retail Rowlett, LP v. City of Rowlett*, 559 S.W.3d 192, 197 (Tex. App.—Dallas 2017), *aff'd*, 593 S.W.3d 175 (Tex. 2019) (citing *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000)). "When the trial court grants one motion and denies the other, the reviewing court should determine all questions presented" and "should render the judgment that the trial court should have rendered." *City of Garland*, 22 S.W.3d at 356.

Evidence favorable to the nonmovant will be taken as true in deciding whether there is a disputed issue of material fact. *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004). All reasonable inferences, including any doubts, must be resolved in favor of the nonmovant. *Id.*

## II.    PERTINENT FACTS

In 1917, USIR, a real estate investment company, entered an agreement with Edward Mattison to find and develop minerals on 2,092.08 acres in Live Oak County, Texas (the 1917 Agreement). USIR would convey to Mattison the surface estate and 3/4

2

of the mineral interests in the 2,092.08 acres for $209,208, and Mattison would make monthly installments of $100 until the total amount was paid. USIR conveyed several tracts to Mattison by warranty deeds. It is undisputed that Mattison did not purchase the entire 2,092.08 acres.

Mattison sold some of the acres to Frederick H. Cosgrove and Richard Canning. Mattison conveyed Tract 69 to Canning in a warranty deed dated December 6, 1919. Mattison assigned the 1917 Agreement to Cosgrove as trustee. Canning filed a quitclaim deed and conveyed Tract 69 to Cosgrove. In 1922, Cosgrove conveyed "Acre Eight (8) in Tract Sixty-nine (69)" to Robert S. Alcott (the Alcott Deed). The Alcott Deed also purported to convey "an undivided interest in an undivided one-half of any and all oil, gas or minerals that may be found to be in, under or upon any part of" the 2,092.08 acres.

Subsequently, appellees acquired interests in the minerals by Special Warranty Mineral Deeds. Appellees have since claimed exclusive and sole rights to the mineral interests through several documents filed in the Live Oak County Property Records. According to appellees, they or their predecessors have exclusively leased, drilled, and mined on the property since the 1940s.

Appellants, Alcott's grandchildren, filed suit for a finding that they own "all of the interests conveyed by the" Alcott Deed and for damages, trespass to try title, monies had and received, and for suit to quiet title based on the allegation that they owned the mineral interests under several acres carved out of the entire 2,092.08-acre estate.

The parties filed cross-motions for summary judgment regarding the interpretation of the Alcott Deed. Appellees argued that appellants' claims are barred by the statute of

limitations because the Alcott Deed merely conveyed a covenant to pay a portion of profits from future production of oil and gas, the statute of frauds bars appellants' claims, and appellees own the mineral interests through adverse possession. Appellants challenged each ground that appellees claimed barred their causes of action and asserted that they were entitled to summary judgment because the Alcott Deed conveyed a mineral interest in 1322.52 acres that Cosgrove owned when the Alcott Deed was written. The trial court granted appellees' motion and denied appellants' motion. This appeal followed.

## III.    STATUTE OF FRAUDS

By their second issue, appellants contend that the statute of frauds does not bar their claims because the Alcott Deed refers "to the 1913 plat . . . and the 1920 corrected plat," and argue "[t]his reference means that the" Alcott Deed is "sufficient because [it is] in writing and the writing furnishes within itself, or by reference to some other existing writing (i.e., the 1913 and 1920 plats), the means or data by which the property to be conveyed may be identified with reasonable certainty."[3]

We construe an unambiguous deed as a matter of law to ascertain the grantor's intent "as expressed in the 'four corners' of the instrument." *Griswold v. EOG Res., Inc.*, 459 S.W.3d 713, 717 (Tex. App.—Fort Worth 2015, no pet.) (citing *Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991)). We are not interested in the "intent that the parties meant but failed to express, but the intent that is expressed" in the instrument. *Id.*

Contracts for the sale of real property must be in writing and signed. TEX. BUS. & COM. CODE ANN. § 26.01(a), (b)(4); *Thagard Min. P'ship, LP v. Cass*, ___ S.W.3d ___,

---

[3] We address this issue first as it is dispositive. *See* TEX. R. APP. P. 47.1.

4

___, No. 11-23-00207-CV, 2025 WL 2412837, at *5 (Tex. App.—Eastland Aug. 21, 2025, no pet. h.); *see also* TEX. PROP. CODE ANN. § 5.021. "Oil and gas interests constitute real property; therefore, an agreement for the transfer or assignment of a mineral interest must comply with the statute of frauds." *Thagard Min. P'ship, LP*, ___ S.W.3d at ___, 2025 WL 2412837, at *5 (citing *Long Trs. v. Griffin*, 222 S.W.3d 412, 416 (Tex. 2006)).

An instrument complies with the statute of frauds, if it provides "sufficient information to reasonably identify the property in question, either directly or 'by reference to some other existing writing' by which the property to be conveyed may be identified with 'reasonable certainty.'" *Id.* at *6 (citing *Davis v. Mueller*, 528 S.W.3d 97, 101 (Tex. 2017)). "The property description must furnish enough information to locate the property's general area 'as in identifying it by tract survey and county,' and to determine the 'size, shape, and boundaries' of the property." *Id.* The adequacy of the legal description in an instrument that transfers a property interest is a question of law that we review de novo. *Id.* at *5.

In their summary judgment motion, appellees argued that the Alcott Deed violated the statute of frauds because Cosgrove never held title to the minerals from the 2,092.08 acres, and the Alcott Deed did not convey a lesser interest. On appeal, appellants do not explain how the Alcott Deed provides an adequate legal description of the mineral interest they claim they own in the 1,322.52 acres they assert Cosgrove owned at that time. Thus, appellants do not explain how the Alcott Deed complies with the statute of frauds.

The Alcott Deed purports to convey "an undivided interest in an undivided one-half of any and all oil, gas or minerals that may be found to be in, under or upon *any part* of

5

said tract of 2,092.08 acres." (Emphasis added). It is undisputed that Cosgrove did not have title to the entire 2,098.08 acres when the Alcott Deed was written, and he never acquired title to the entire 2,098.08 acres. *See Griswold*, 459 S.W.3d at 717. There is no language in the Alcott Deed qualifying that Cosgrove intended to transfer only the interest in the minerals found, if any, on the land that he owned. *See Trial v. Dragon*, 593 S.W.3d 313, 322 (Tex. 2019) (determining that the deed did not include any "qualifying language to indicate that Leo was conveying 'his interest' or some lesser estate than a full fee simple, nor was there any language on the face of the deed to signify that the Dragons were taking the land subject to an outstanding interest"). Moreover, there is nothing in the Alcott Deed that furnishes enough information to locate the general area of the property wherein the minerals appellants claim they own can be found as the Alcott Deed only specifies an interest in minerals found under or upon *any* part of the 2,092.98 acres.[4] *Thagard Min. P'ship, LP*, ___ S.W.3d at ___, 2025 WL 2412837, at *6; *see also Myers-Woodward, LLC v. Underground Servs. Markham, LLC*, 716 S.W.3d 461, 469 (Tex. 2025) ("It is axiomatic that 'a grantor cannot convey to a grantee a greater or better title than [he] holds.'"). Accordingly, we conclude that the Alcott Deed does not either directly or indirectly adequately identify the fractional mineral interest that Cosgrove intended to convey and therefore violates the statute of frauds. *See Thagard Min. P'ship, LP*, ___ S.W.3d at ___, 2025 WL 2412837, at *6.

Additionally, in their motion for summary judgment, appellees argued that the

---

[4] We further reject appellants' argument that the 1913 and 1920 plats provide an adequate legal description of the mineral interest they claim to own because the plats do not reference the mineral interest claimed in the 1322.53 acres Cosgrove owned, and the Alcott Deed does not purport to only convey interest in the minerals found on the 1,322.52 acres Cosgrove owned at the time as appellants claim.

6

Alcott Deed failed to provide an adequate legal description of the specific tract purportedly conveyed. Appellees pointed out that the Alcott Deed does not contain the metes and bounds of the property conveyed within its four corners and the documents referenced by the Alcott Deed were inadequate to sufficiently describe the property with reasonable certainty. They argued that neither "Acre 8" of "Tract 69" nor the 2,092.08 acres are described in the Alcott Deed and cannot be located on the documents referenced by the Alcott Deed. *See id.* Appellants do not adequately explain on appeal how the Alcott Deed and referenced documents sufficiently describe the surface area or the 2,092.08 acres; thus, we conclude that this basis also supports a conclusion that the Alcott Deed does not comply with the statute of frauds. *See id.* We overrule appellant's second issue.[5]

## IV.   SUMMARY

Having determined that the Alcott Deed violates the statute of frauds, we need not address appellants' other three issues challenging the trial court's other bases for granting appellees' summary judgment and denying appellants' motion for summary judgment. *See Tex. Workers' Comp. Comm'n v. Patient Advocs. of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004) ("The reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious."); *Columbia Rio Grande Reg'l Hosp. v. Stover*, 17 S.W.3d 387, 398 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.) (concluding that "[b]ecause . . . the probate court properly granted summary judgment in favor of Stover on the basis of res judicata," it was unnecessary to address the appellant's issue

---

[5] We note that we have not addressed whether the Alcott Deed conveyed a mineral interest or merely was a covenant. Therefore, nothing in this memorandum opinion should be construed as making such a conclusion.

7

complaining that the trial court failed to rule on its cross-motion for summary judgment). Moreover, we need not address appellants' issue contending that the trial court improperly struck their summary judgment evidence because that evidence does not negate a conclusion that the appellants' claims are barred by the statute of frauds as we must address that issue by only reviewing the four corners of the Alcott Deed. *See Cmty. Initiatives, Inc. v. Chase Bank of Tex.*, 153 S.W.3d 270, 281 (Tex. App.—El Paso 2004, no pet.) ("A trial court's decision to exclude summary judgment evidence will not result in reversal unless the appellant was harmed by the decision."); *see also Sky Station Holdings I, LP v. Fid. Nat'l Title Ins. Co.*, No. 03-18-00231-CV, 2019 WL 3786569, at *6 (Tex. App.—Austin Aug. 13, 2019, no pet.) (mem. op.) (explaining that the appellant must show "an abuse of discretion in the trial court's exclusion of evidence," and "that the trial court's error was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment").

## V. CONCLUSION

The trial court's judgment is affirmed.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
9th day of October, 2025.

8